**THOMAS ANDERSON, ET AL**          \*          NO. 2023-C-0796

**VERSUS**          \*

**CITY OF NEW ORLEANS**          \*

**COURT OF APPEAL**

**FOURTH CIRCUIT**

\*

**STATE OF LOUISIANA**

\* \* \* \* \* \* \*


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2000-07489, DIVISION "J"
Honorable D. Nicole Sheppard
\* \* \* \* \* \*
**Chief Judge Terri F. Love**
\* \* \* \* \* \*
(Court composed of Chief Judge Terri F. Love, Judge Dale N. Atkins, Judge
Rachael D. Johnson)

Andrew R. Lee
Edward F. Lebreton, III
Megan E. Smith
JONES WALKER LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA  70170

        COUNSEL FOR RELATOR

Gary J. Gambel
MURPHY, ROGERS, SLOSS GAMBEL & TOMPKINS
701 Poydras Street, Suite 400
New Orleans, LA  70401

Antonio Clayton
CLAYTON FRUGEE WARD
3741 Louisiana Highway 1 South
Port Allen, LA  70767

Jennifer N. Willis
WILLIS & BUCKLEY, APC
3723 Canal Street
New Orleans, LA  70119

Roy F. Amedee, Jr.
LAW OFFICES OF ROY F. AMEDEE, JR.
3723 Canal Street
New Orleans, LA  70119

COUNSEL FOR RESPONDENTS

**WRIT GRANTED; JUDGMENT
REVERSED**

**January 30, 2024**

*TFL*

*DNA*

*RDJ*

Relator, Pan-American Life Insurance Company ("Pan-American"), seeks review of the trial court's November 15, 2023 judgment denying its motion for partial summary judgment to dismiss the punitive damages claim brought against Relator by Plaintiffs/Respondents. In 2001, Respondents, who worked at 2400 Canal Street, a location also known as the City Hall Annex (the "Annex"), filed an amended complaint against Pan-American for compensatory and punitive damages, alleging they were injured by toxic substances that Pan-American, the original owner of the Annex, had stored in barrels within the building. Pan-American argues the trial court improperly denied its motion for partial summary judgment to dismiss Respondents' punitive damages claim because it sold the Annex in 1982, two years before La. C.C. art. 2315.3—the former punitive damages statute—went into effect.[1]

The facts are undisputed that Pan-American sold the Annex in 1982. As a matter of law, La. C.C. art. 2315.3, a substantive law, cannot be applied retroactively.[2] Therefore, as Pan-American's alleged storage of the toxic substances occurred before the enactment of La. C.C. art. 2315.3, the trial court

[1] Louisiana Civil Code article 2315.3 went into effect on September 4, 1984 and was repealed on April 16, 1996.

[2] *See Anderson v. Avondale Indus. Inc.*, 2000-2799, p. 3 (La. 10/16/01), 798 So.2d 93, 96-7.

1

erred in denying Pan-American's motion for partial summary judgment to dismiss Respondents' punitive damages claim. Accordingly, we grant Pan-American's writ application and reverse the trial court's judgment.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

Pan-American was the original owner of the building located at 2400 Canal Street in New Orleans, Louisiana. In August of 1982, Pan-American sold the building and surrounding tracts to Poydras Square Associates, Inc. ("Poydras Square"), later known as NID Corporation ("NID"). After the sale, NID leased the property to the City of New Orleans (the "City"). Pursuant to the lease's terms, NID granted the City the full right to "have and hold the demised premises" and "any and all appurtenances belonging or appertaining thereto." The City acknowledged that it had inspected the premises and accepted the building in its existing condition. The leased building became known as the Annex; and, in January 1985, the City acquired full title and ownership of the property through a land exchange with NID.

The City continued ownership and occupancy of the Annex until December 1999. At that time, barrels containing toxic substances leaked, resulting in the Annex's evacuation. The barrels were discovered in the building's basement.

Respondents, who worked in the Annex, initially filed a petition for damages against the City. Respondents sought compensatory damages and punitive damages pursuant to La. C.C. art. 2315.3. Thereafter, Respondents filed an amended petition which added Pan-American as a defendant, asserting the same compensatory and punitive damages claims.[3] Respondents' allegations against Pan-American contended that Pan-American placed the barrels in the Annex

_____

[3] Respondents later added NID as a defendant in its fourth amended petition.

2

property before the 1982 sale and represented that the barrels contained toxic chemicals for an unknown period of time.

In response to Respondents' petition, Pan-American filed a motion for partial summary judgment. Pan-American argued that if it had indeed placed the toxic barrels in the building that it could only have done so before the building was sold in August of 1982. Pan-American noted that in 1982, there was no provision in Louisiana law for the recovery of punitive damages. It pointed out that Pan-American did not own the Annex where the hazardous barrels were stored during September 4, 1984 through April 16, 1996, the effective dates of the punitive damages statute. Pan-American asserted that Respondents offered no evidence that it exercised any control or authority over the Annex after its 1982 sale. Accordingly, as the provisions of La. C.C. art. 2315.3 did not apply retroactively to conduct that occurred before its effective date, Pan-American maintained that it was entitled to summary judgment to dismiss Respondents' punitive damages claim.

Respondents countered that Pan-American, in its capacity as the original owner of the Annex, placed the hazardous barrels in the building and continued to store the barrels from the date of the 1982 sale until the leakage incident. Respondents argued that Pan-American remained the legal owner of the barrels after the 1982 sale. As such, they asserted that La. C.C. art. 2315.3 applied to Pan-American's ongoing ownership of the barrels in allowing the barrels to remain stored in the Annex during the effective dates of the statute. Respondents urged that Pan-American could not escape liability simply because it no longer owned the building.

3

After the hearing, the trial court denied Pan-American's motion for partial summary judgment. In its oral reasons judgment, the trial court opined, in part, the following.

> [I]n this case Pan-American does not escape liability because it sold the building and owned the chemicals until their removal in 1999. Pan-American continued to be the owner of the chemicals even after the sale of the building and continued to be liable for all resulting injuries.
>
> The placement of toxic chemicals by Pan-American in the 2400 Canal Street building was not an accident. It was intentional possibly. They were negligent in failing to dispose of hazardous materials stored on the premises and/or failing to warn of the hazard created by the materials when ownership of the building was transferred. Until 1996, storage of chemicals was an ultrahazardous activity under Louisiana law. Pan-American would be absolutely liable even in the absence of negligence.
>
> The law is contrary to Pan-American's argument that the former owner of the premises owes no duty to persons injured as a result of the former owner's negligence and failure to disclose the existence of a hazardous condition. The subsequent sale of the property, as a matter of law, does not automatically absolve the former owners of their negligent acts.
>
> . . .
>
> Pan-American is responsible for the placement of the toxic barrels at 2400 Canal Street; therefore, the requested motion for summary judgment is denied.

Pan-American timely filed notice of its intent to seek supervisory writ review.

**STANDARD OF REVIEW-SUMMARY JUDGMENT**

"[A] motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant." *Peironnet v. Matador Res. Co.*, 2012-2292, 2012-2377, p. 28 (La. 6/28/13), 144 So. 3d 791, 813-14. "Appellate courts review motions for summary judgment *de novo*, using the same criteria that govern the district court's

4

consideration of whether summary judgment is appropriate." *Id.*, 2012-2292, 2012-2377, p. 29, 144 So.3d at 814. The criteria considered is whether any genuine issues of material fact remain and whether the mover is entitled to summary judgment as a matter of law. *See Robertson v. Kearney Cos., Inc.,* 2020-0605, p. 3 (La. App. 4 Cir. 3/25/21), 315 So.3d 931, 935. Louisiana Code of Civil Procedure article 966(A)(3) provides that summary judgment shall be granted "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." A fact is material for purposes of summary judgment if its existence or nonexistence is essential to the applicable theory of recovery put forth in the plaintiff's cause of action. *Peironnet,* 2012-2292, pp. 28-29, 144 So.3d at 814. A genuine issue of fact is one in which reasonable persons could disagree; however, if reasonable persons can reach only one conclusion, then there is no need for trial on that issue and summary judgment is appropriate. *See Smith v. Our Lady of the Lake Hosp., Inc.*, 1993-2512, p. 27 (La. 7/5/94), 639 So. 2d 730, 751.

Louisiana Code of Civil Procedure article 966(D)(1) allocates the burden of proof on a motion for summary judgment as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

5

**DISCUSSION**

The former La. C.C. art. 2315.3 punitive damages statute provided, in relevant part, that "[i]n addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances." Pan-American argues that Respondents failed to prove that it stored, handled, or transported the hazardous substances during the twelve year period that La. C.C. art. 2315.3 was in effect to support a punitive damage claim.

Respondents do not contest Pan-American's position that it placed no actual hazardous substances in the Annex Building subsequent to the 1982 sale. Instead, Respondents counter that notwithstanding the sale, Pan-Am continued to own the hazardous/toxic barrels; and as that ownership continued during the pendency of the statute, Pan-American faces liability for punitive damages. Respondents add, and the trial court agreed, that Pan-American cannot escape liability for storage of toxic substances because it sold the building before the punitive damages statute's enactment. We disagree with Respondents' argument.

In *Anderson v. Avondale Indus., Inc.*, 2000-2799, p. 3 (La. 10/16/01), 798 So.2d 93, 97, the Supreme Court found that La. C.C. art. 2315.3 was clearly a substantive law that did not apply retroactively; instead, it must be given prospective application only. Therefore, the statute's punitive damages provisions were unavailable for conduct that occurred before the statute's enactment. *Id.*, 2000-2799, p. 8, 798 So.2d at 100-01. Moreover, as explained in *Williams v. Asbestos Defendants*, 2011-0716, p. 9 (La. App. 4 Cir. 5/16/12), 95 So.3d 497, 504, the statute's allowance for exemplary damages must be strictly construed as it

6

imposes a penalty. Based on these precepts, Respondents' argument that Pan-American's alleged continued ownership of the toxic barrels created a fact issue as to Pan-American's liability for punitive damages is unpersuasive. Pan-American's ownership of the toxic barrels is not an issue of material fact as "ownership" does not equate to "conduct." Respondents' argument that Pan-American's alleged ownership of the hazardous barrels gave rise to a breach of a duty of care addresses Pan-American's potential liability for compensatory damages—not punitive damages—the issue which was the subject of Pan-American's motion for partial summary judgment. Here, Respondents were required to offer evidence that Pan-American actively engaged in conduct showing a "wanton or reckless disregard for the public safety in the storage, handling, or transportation of hazardous or toxic substances" during the pendency of La. C.C. art. 2315.3 to entitle Respondents to punitive damages. They did not and thus, failed to meet their burden of proof to defeat Pan-American's motion for partial summary judgment.

## CONCLUSION

Upon *de novo* review, there are no genuine issues of material fact that Pan-American engaged in the storage, handling, or transportation of hazardous or toxic substances after La. C.C.P. art. 2315.3 became effective. As the former statute is a substantive law, it cannot be applied retroactively to conduct that occurred before its enactment. Therefore, the trial court erred in denying Pan-American's motion for partial summary judgment on the issue of punitive damages. Accordingly, we reverse the judgment and grant Pan-American's writ application.

**WRIT GRANTED; JUDGMENT REVERSED**

7